UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOSHUA DERBY, ALYSSIA WARREN, and Z.D., a minor,**<br><br>Plaintiffs,<br><br>vs.<br><br>**PLEASANT BEACH MOBILE HOME RESORT, LLC,**<br><br>Defendant. | **1:25-CV-11324-TGB-PTM**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING PLAINTIFFS' APPLICATIONS TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT** |

Joshua Derby and Alyssia Warren, individuals without lawyers, have filed a complaint on behalf of themselves and Z.D., a minor, asserting claims against Defendant Pleasant Beach Mobile Home Resort, LLC, arising from Plaintiffs' alleged threatened eviction from a property in Defendant's mobile home park in Gladwin County, Michigan. ECF No. 1. Plaintiffs Derby and Warren have filed applications to proceed without prepaying fees or costs, ECF Nos. 7 and 8, and an application to proceed as a pauper was also filed on behalf of Z.D., a minor, ECF No. 6. Derby and Warren also filed a motion for emergency protective order to enjoin a threatened eviction, ECF No. 15, as well as numerous other "notices" and "affidavits."

The case is now before the Court for a review of Plaintiffs' applications to proceed without prepaying fees or costs and an initial screening of Plaintiffs' Complaint. For the reasons explained below,

1

Plaintiffs' applications to proceed as paupers will be **GRANTED** and the Complaint will be **DISMISSED**.

## I. Applications to Proceed Without Prepaying Fees or Costs

In order to proceed in court without prepayment of the filing fee or costs, a plaintiff must submit an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The purpose of the provision is to "insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation." *Carroll v. OneMain Fin. Inc.*, No. 14-cv-14514, 2015 WL 404105, at *1 (E.D. Mich. Jan. 29, 2015) (Ludington, J.). "Although pauper status does not require absolute destitution, the question is whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). "Proceeding IFP is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Thomas v. Comm'r of Soc. Sec.*, Case No. 5:19 CV 2932, 2020 WL 1644168, at *1 (N.D. Ohio Jan. 9, 2020) (quoting *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986)) (internal quotation marks omitted), *report and recommendation adopted*, 2020 WL 1640316 (N.D. Ohio Apr. 2, 2020).

"A sufficient affidavit demonstrates that one cannot, because of his or her poverty, afford to pay the costs of litigation and still provide for the

necessities of life." *Laslau v. Comm'r of Soc. Sec.*, Civil Action No. 16-CV-11372, 2016 WL 3406015, at *1 (E.D. Mich. June 21, 2016) (Goldsmith, J.). In determining IFP eligibility, courts generally look at whether the applicant is employed, their salary, property or assets they may possess, and other financial resources, including resources that could be made available from a spouse or other family members. *Frazier v. Comm'r of Soc. Sec.*, Case No. 19-11097, 2019 WL 2078991, at *1 (E.D. Mich. Apr. 19, 2019) (Morris, M.J.), *report and recommendation adopted*, 2019 WL 2073952 (E.D. Mich. May 10, 2019). Where leave to proceed IFP is sought to vindicate the rights of a minor, the financial resources of the minor and the parent are considered. *Taylor on behalf of Grove v. Comm'r of Soc. Sec.*, Civil Action 2:20-cv-5785, 2020 WL 7090073, at *1 (S.D. Ohio Dec. 4, 2020), *report and recommendation adopted*, 2020 WL 7646885 (Dec. 23, 2020).

Derby and Warren filed separate applications to proceed without prepaying fees or costs, and they also filed an application to proceed as a pauper on behalf of Z.D., a minor. ECF Nos. 6, 7, 8. The applications state that the Plaintiffs own a car and a "private dwelling – currently in lawful dispute and private trust claim," have gross earnings of approximately $720 per month, receive approximately $941 per month in disability benefits and $500 in monthly SNAP/EBT benefits, have about $300 in checking accounts, no savings, about $1060 in combined monthly expenses, and provide for the support of Z.D. ECF Nos. 6, 7, 8.

3

Upon review of the applications, it appears that Plaintiffs do not possess the financial ability to cover the costs of filing the Complaint without undue financial hardship, and their applications to proceed without prepaying fees or costs are **GRANTED.**

## II. The Complaint

Once an in forma pauperis complaint has been filed, the Court must review it to ensure that it is not frivolous or malicious, plausibly states a claim for relief, and does not seek monetary relief against defendants immune from such relief. 28 U.S.C. § 1915(e)(2).

The complaints of litigants without lawyers, such as Plaintiffs, are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, all litigants must comply with Federal Rule of Civil Procedure 8(a), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and a "demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 does not require "detailed" factual allegations, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. a 555–56.

First, as to any claim by minor Z.D., the Sixth Circuit Court of Appeals has held that "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Matthews v. Craige*, No. 1:16-CV-11680, 2016 WL 3522320, at *2 (E.D. Mich. June 28, 2016) (Ludington, J.) ("Because Plaintiff is proceeding pro se in this action and is not a licensed attorney, he may not bring claims on behalf of his minor children."); *see also Gallo v. United States*, 331 F. Supp. 2d 446, 447 (E.D. Va. 2004) ("Although 28 U.S.C. § 1654 gives litigants the right to bring civil claims pro se, courts are nearly unanimous in holding that a parent or guardian cannot sue on behalf of a child without securing counsel."). Plaintiff Z.D.'s claims therefore will be **DISMISSED.**

Second, the Court must review Plaintiffs' Complaint to determine whether it must be summarily dismissed as frivolous. In reviewing the Complaint, which is 88 pages with exhibits, the Court finds that it is difficult to decipher, replete with meritless rhetoric and references to Plaintiffs' statuses as "sovereign citizens," and fails to state a comprehensible claim for relief under the law. Plaintiffs assert throughout their Complaint that they are "private American Nationals, not U.S. corporate citizens under the 14th Amendment artificial jurisdiction," "sovereign People" or "sovereign beings" who "do not reside in any federal territory, enclave, or foreign jurisdiction" but instead

5

"stand upon the land, under Divine Law, Natural Law, and Common Law." ECF No. 1. Plaintiffs assert that they "DO NOT CONSENT to the jurisdiction of any municipal, administrative, statutory, or corporate courts," they "are not parties to any adhesion contracts, corporate citizenships, or fictional legal statuses that would confer jurisdiction to any such entity or tribunal," and that their "appearances herein are under duress, necessity, and special appearance only." *Id.* PageID.17. Plaintiff Derby asserts he declined "participation" in the lease agreement for the property at issue in the suit, which renders any agreement null and void, and that Plaintiff Warren is not named on any lease agreement. Plaintiffs argue that Defendant therefore must cease and desist from any threats of removing them from the property. *Id.* PageID.18–21. Based on the content of the allegations, it appears that Plaintiffs are saying that they belong to the so-called sovereign citizen movement.

The Sixth Circuit Court of Appeals describes the sovereign citizen movement as follows:

> The "sovereign citizen" movement is a highly disperse, antigovernment movement. Tax protesting or tax defiance seems to be a logical consequence of the movement's beliefs. In general, sovereign citizens believe that the United States Government, including the IRS, is a fraud and that they, the sovereign citizens, retain an individual common law identity exempting them from the authority of those fraudulent government institutions.

6

*United States v. Gooch*, 595 F. App'x 524, 527 n.1 (6th Cir. 2014) (internal quotation marks and citation omitted). The hallmark of the sovereign citizen movement is adherence to the belief that even though a person was born and resides in the United States, "he is his own sovereign and is therefore not a United States citizen." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). "So-called sovereign citizens believe that they are not subject to the government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Id.*

"Courts have routinely found sovereign-citizen arguments to be 'frivolous and a waste of court resources'" and that they should be summarily dismissed. *Smith-El v. Michigan*, No. 24-11370, 2025 WL 875355, at *3 (E.D. Mich. Mar. 20, 2025) (Levy, J.) (collecting cases); *Hicks-Bey v. Goodstein*, No. 2:23-cv-10771, 2023 WL 3186945, at *1–2 (E.D. Mich. May 1, 2023) (collecting cases); *Cook v. Kellogg Cmty. Credit Union*, No. 1:23-cv-843, 2024 WL 3607638, at *5 (W.D. Mich. June 26, 2024) (same), *report and recommendation adopted*, 2024 WL 3594638 (W.D. Mich. July 31, 2024). Accordingly, the case law is clear that claims resting on assertions that parties are sovereign citizens and therefore beyond the jurisdiction of the State of Michigan or the United States are frivolous, and because Plaintiffs' Complaint relies on such incomprehensible assertions it must be **DISMISSED** under Section 1915(e)(2). And because any appeal of this decision also would be

frivolous, the Court is denying Plaintiffs leave to appeal in forma pauperis if they seeks an appeal. *See* 28 U.S.C. § 1915(a)(3).

Further, Plaintiffs' rambling 88-page Complaint including exhibits also violates Rule 8(a)'s requirement to provide "a short and plain statement" of a discernable legal claim and Rule 8(d)'s requirement to "be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d)(1). Plaintiffs appear to request a cease and desist order prohibiting Defendant from threatening to evict Plaintiffs and demand "due process," but the Complaint presents a "dense thicket" of "incomprehensible" assertions. *See, e.g., Eisenstein v. Ebsworth*, 148 F. App'x 75, 77 (3d Cir. 2005) (affirming order dismissing complaint for violating Rule 8). The Court is not obligated to entertain a civil action grounded only in the plaintiff's imagination. *See Dekoven v. Bell*, 140 F. Supp. 2d 748, 763 (E.D. Mich.) (Lawson, J.), *aff'd*, 22 F. App'x 496 (6th Cir. 2001); *see also Teddy-Lawrence v. Mellos*, No. 11-10980, 2012 WL 3731707, at *1 (E.D. Mich. Aug. 28, 2012) (Lawson, J.) ("[T]he complaint itself [is] an agglomeration of incomprehensible claims littered with extraneous detail and argumentative statements, punctuated with buzzwords and gibberish [and] the pleading violate[s] all the basic precepts of Federal Rule of Civil Procedure 8 and fail[s] to state an intelligible claim."). "As has been recognized by our circuit and others, despite liberal pleading requirements for *pro se* litigants, it is not the role of the court to guess the nature of the claim(s) asserted." *Agee v. Wells Fargo Bank,* No. 10-

10197, 2010 WL 1981047, *2 (E.D. Mich. Apr. 15, 2010) (Morgan, M.J.) (citing *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989); *Nuclear Transportation & Storage, Inc. v. United States,* 890 F.2d 1348 (6th Cir. 1989); *Chapman v. City of Detroit,* 808 F.2d 459 (6th Cir. 1986)), *report and recommendation adopted,* 2010 WL 1981046 (E.D. Mich. May 18, 2010) (Edmunds, J.). The allegations in Plaintiffs' Complaint fail to state an intelligible claim against Defendant, and the Complaint is therefore **DISMISSED** for this reason as well.

### III. Conclusion

In trying to understand Plaintiffs' pleadings, the Court perceives that essentially this is a dispute concerning the rights of the Plaintiffs to reside in the location where they were living, which appears to be a manufactured home. Disputes such as this are routinely and efficiently handled in the state courts, and, if Plaintiffs would drop the unhelpful and legally meaningless verbiage of the sovereign citizen movement and just explain to a state court what happened to them and why they believe their property rights were violated, it may be that a state court could afford them some relief. But as currently written, the claims set forth here are frivolous and must be dismissed.

For the reasons stated above, Plaintiffs' requests to proceed in forma pauperis are **GRANTED**. Their Complaint is **DISMISSED SUA SPONTE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Emergency Protective Order, ECF No. 15, is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiffs are denied leave to appeal in forma pauperis.

**IT IS SO ORDERED.**

Dated: June 26, 2025      /s/Terrence G. Berg
                                        HON. TERRENCE G. BERG
                                        UNITED STATES DISTRICT JUDGE