UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOSHUA DERBY, ALYSSIA WARREN, and Z.D., a minor,**<br><br>Plaintiffs,<br><br>vs.<br><br>**PLEASANT BEACH MOBILE HOME RESORT, LLC,**<br><br>Defendant. | 1:25-CV-11324-TGB-PTM<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION (ECF NO. 57), DISMISSING AMENDED COMPLAINT WITH PREJUDICE (ECF NO. 56), AND DISMISSING REMAINING MOTIONS AS MOOT (ECF NOS. 50, 58, 63, 80, 82, 85)** |

## I.    INTRODUCTION

Joshua Derby and Alyssia Warren, individuals without lawyers, filed a complaint on behalf of themselves and Z.D., a minor, asserting claims against Defendant Pleasant Beach Mobile Home Resort, LLC, arising from Plaintiffs' alleged threatened eviction from a property in Defendant's mobile home park in Gladwin County, Michigan. ECF No. 1. Plaintiffs also filed applications to proceed without prepaying fees or costs. ECF No. 6, 7, 8. On June 26, 2025, the Court entered an Order Granting Plaintiffs' Applications to Proceed In Forma Pauperis and Dismissing the Complaint. ECF No. 26. The Court found that Plaintiffs'

1

88-page Complaint with exhibits was "replete with meritless rhetoric and references to Plaintiffs' statuses as 'sovereign citizens'" and that it fails to state an intelligible claim against Defendant, and thus dismissed the Complaint. This order closed the case.

Since then, Plaintiffs have filed seven additional motions and over 50 other pleadings variously titled "notice," document," "affidavit," "cover letter," etc. Included among those numerous documents filed in the two-week period since the Court entered its order dismissing Plaintiffs' Complaint were Plaintiffs' Motion for Reconsideration, ECF No. 57, and an Amended Complaint, ECF No. 56. For the reasons below, Plaintiffs' Motion for Reconsideration is **GRANTED,** Plaintiffs' Amended Complaint is **DISMISSED**, and this case is **DISMISSED WITH PREJUDICE.**

## II.   LEGAL STANDARDS

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). A "[m]anifest injustice" is "[a] direct, obvious, and observable error in a trial court." *Manifest Injustice*, Black's Law Dictionary (11th ed. 2019). A "general definition of manifest injustice" has not been developed, and courts "look at the matter on a case-by-case basis." *Estate*

of *Romain v. City of Grosse Pointe Farms*, No. 14-cv-12289, 2018 WL 3100907, at \*2 (E.D. Mich. June 25, 2018) (Parker, J.) (quoting *McDaniel v. Am. Gen. Fin. Servs., Inc.*, No. 04-2667B, 2007 WL 2084277, at \*2 (W.D. Tenn. July 17, 2007)).

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15. Under Rule 15, a plaintiff can amend his complaint one time within 21 days of serving the original complaint or at any point before the defendant answers the complaint. Fed. R. Civ. P. 15(a)(1). Rule 15 further provides that even if the party does not seek the amendment within the of-right period, the court may give leave to permit such an amendment and should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

### III. DISCUSSION

In Plaintiffs' Motion for Reconsideration, Plaintiffs ask the Court to vacate its June 26, 2025 Order dismissing Plaintiff's Complaint, accept Plaintiffs' Amended Complaint and reopen the case, and issue a preliminary injunction and protective order prohibiting their eviction from Defendant's mobile home park. ECF No. 57. Plaintiffs assert that they amended their complaint to "[r]emove[] all rhetorical and interpretive language" and "terminology associated with legally unrecognized concepts." Supp. Notice in support of Motion to Reconsider,

3

ECF No. 59, PageID.357.[1] In the interest of justice, and because the Court's prior dismissal of Plaintiffs' Complaint was without prejudice, the Court will review Plaintiffs' Amended Complaint. Here, Plaintiffs are essentially asking the Court to permit the filing of their amended complaint, and so the motion to reconsider will be **GRANTED**.

Because Plaintiffs are proceeding pro se, the Court must construe their pleadings more liberally than is usually the case for formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this liberal pleading standard "is not without its limits, and does not 'abrogate basic pleading essentials in pro se suits.'" *Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Stated differently, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To require otherwise "would not only strain judicial resources … but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful

---

[1] The Court notes that, contrary to Plaintiffs' denial in the motion that their Complaint included "sovereign citizen" language, a review of their numerous subsequent pleadings continue to contain similar language as in their original Complaint. *See, e.g.,* ECF No. 60 ("We are Private American Nationals, non-combatant, peaceful beings domiciled outside the jurisdiction of federal enclaves" and "have consistently filed under Special Appearance Only, in honor, and in accordance with natural and constitutional law."); ECF No. 74 ("Filed Under Special Appearance Only—Without Submission to Jurisdiction"); ECF No. 79 (same).

4

strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiffs Joshua Derby and Alyssia Warren's Amended Complaint asserts four counts against Defendants Pleasant Beach Mobile Home Resort LLC and David Clarkson, the managing agent of Pleasant Beach: Count I – Violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; Count II – Violation of the Fair Housing Act, 42 U.S.C. § 3617; Count III – Violation of the Civil Rights Act, 42 U.S.C. § 1982; and Count IV – Deprivation of Constitutional Due Process, Amendment XIV. ECF No. 56. The Court will address each Count in turn.

Count I alleges a violation of Title II of the ADA. Title II prohibits discrimination based on disability in all services, programs, and activities provided by state and local governments. 42 U.S.C. § 12132. The proper defendant to a suit under Title II of the ADA is the public entity or an official acting his or her official capacity. *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009). The Act defines "public entity" to include "any State or local government" and "any department, agency, ... or other instrumentality of a State." 42 U.S.C. § 12131(1). Neither Pleasant Beach nor Clarkson are a "public entity" as defined by the ADA, and Title II of the ADA does not impose liability against private entities like Pleasant Beach or private individuals like Clarkson. *See Vick v. Core Civic*, 329 F. Supp. 3d 426, 441–42 (M.D. Tenn. 2018) ("As a private entity, however, Defendant CCA cannot be liable for disability discrimination under Title

II of the ADA."); *Collazo v. Corr. Corp. of Am.*, No. 4:11CV1424, 2011 WL 6012425, at *3 (N.D. Ohio Nov. 30, 2011) ("A private prison does not qualify as a department or agency of a state or local government and therefore is not a 'public entity' under the statute."). Because Pleasant Beach and Clarkson cannot be liable under Title II of the ADA, Count I of Plaintiffs' Amended Complaint fails to state a claim and it is **DISMISSED WITH PREJUDICE**.[2]

Count II of Plaintiffs' Amended Complaint asserts a claim under the Fair Housing Act, 42 U.S.C. § 3617. Congress passed the Fair Housing Act as Title VIII of the Civil Rights Act of 1968 to prohibit housing discrimination on the basis of race, gender, and national origin. In 1988, Congress passed the Fair Housing Amendments Act, which expanded the coverage of the Fair Housing Act to include people with disabilities. *Larkin v. State of Mich. Dep't of Soc. Servs.*, 89 F.3d 285, 288

---

[2] The Court notes that Title III of the ADA allows causes of action against a private entity that owns, leases, or operates a place of public accommodation. 42 U.S.C. § 12182. However, Plaintiffs' Amended Complaint fails to plead any facts in support a claim under this Title, including any facts showing that they have a disability that substantially limits a major life activity and how they were denied full and equal enjoyment of good, services, facilities, privileges, advantages, or accommodations offered by the place of public accommodation. *See id.* In its earlier Order, the Court several times emphasized the importance of clearly stating an intelligible claim and of explaining what happened to them in a way that shows how they are entitled to relief. ECF No. 26. Plaintiffs have been given the opportunity to do so but have only vague references to federal causes of action without facts supporting such claims.

(6th Cir. 1996). The Fair Housing Act prohibits discrimination against "any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith[ ]" on the basis of that person's race, color, religion, sex, familial status, national origin, or handicap. 42 U.S.C. § 3604(b), (f). Under the Fair Housing Act, it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. This section reaches "actors who are in a position directly to disrupt the exercise or enjoyment of a protected right and exercise their powers with a discriminatory animus." *Michigan Prot. & Advocacy Serv., Inc. v. Babin,* 18 F.3d 337, 347 (6th Cir. 1994).

Plaintiffs allege in Count II of their Amended Complaint only that Pleasant Beach and Clarkson "interfered with and retaliated against protected housing activity" through "[r]etaliatory eviction, surveillance, and interruption of therapeutic services." ECF No. 56, PageID.348. Plaintiffs plead that Defendants had contacted Plaintiffs about noise complaints and initiated state court eviction proceedings, and they otherwise vaguely refer in the Amended Complaint to their "protected status under federal law," "medical rights," and a "request for accommodation under the ADA," but do not indicate what that "protected

7

status" is, any disability, any accommodation requested, or otherwise how the Fair Housing Act applies in their case. "To satisfy the basic notice pleading requirements of Federal Civil Procedure Rule 8, the Plaintiffs must include factual allegations in the Complaint that are sufficient to raise the right to relief above the speculative level." *Grace v. K and D Grp., Inc.*, No. 1:13-CV-1870, 2014 WL 296926, at *4 (N.D. Ohio Jan. 27, 2014). While Plaintiffs are "not required to include detailed factual allegations, [they] cannot simply cite a statute and claim the Defendant violated it without providing some factual basis for this statement." *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see also Weese v. RHP Properties*, No. 1:22-CV-1168, 2023 WL 1073402, at *3 (W.D. Mich. Jan. 5, 2023) ("Although Plaintiffs make reference to the Americans with Disabilities Act and reference an eviction, they have not pled sufficient facts to state a claim under that statute or the Fair Housing Act. Moreover, as noted above, the Court is not tasked with the obligation to conjure up claims for pro se plaintiffs."), *report and recommendation adopted*, 2023 WL 1070572 (W.D. Mich. Jan. 27, 2023).

Although *pro se* litigants like Plaintiffs are entitled to leeway when the Court construes their pleadings, *Haines*, 404 U.S. at 520, it is not the Court's duty to sort through Plaintiffs' Amended Complaint and the

8

numerous other documents on the docket in order to piece together the basis of their claim. *See ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577, 585 (6th Cir. 2018) (reciting the familiar maxim, "'[j]udges are not like pigs, hunting for truffles' that might be buried in the record") (quoting *Emerson v. Novartis Pharms. Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011)). Because Count II of Plaintiffs' Amended Complaint is written solely as a legal conclusion unsupported by facts, it fails to state a claim upon which relief may be granted in Count II, and that claim is **DISMISSED WITH PREJUDICE.**

Count III of Plaintiffs' Amended Complaint asserts a claim under 42 U.S.C. § 1982. This statute provides: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. It is well-established that racial discrimination is an essential element of a § 1982 action. *See Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 413 (1968). Plaintiffs have made no allegation of race discrimination by Pleasant Beach or Clarkson in this case. Therefore, Plaintiffs' § 1982 claim is **DISMISSED WITH PREJUDICE**.

Count IV alleges that Pleasant Beach and Clarkson deprived Plaintiffs of their constitutional right to due process during the eviction process. Such a claim would be brought pursuant to 42 U.S.C. § 1983. In order to assert a § 1983 civil rights claim, a plaintiff must allege and

9

prove that a person acting under color of state law deprived him of a right secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983; *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Specifically, "the party charged with the deprivation must be a person who may fairly be said to be a [S]tate actor ... because ... [a] he is a state official, [b] he has acted together with, or obtained significant aid from, state officials, or [c] his conduct is otherwise chargeable to the [S]tate." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "Moreover, the protections afforded to citizens by the Fourth and Fourteenth Amendments apply only to state or governmental action as well." *Daniels v. Charter One Bank*, 39 F. App'x 223, 225 (6th Cir. 2002). A plaintiff generally cannot sue a private company or individual for violations of his constitutional rights. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Rather, the law is clear that "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *American Mfrs. Mut. Ins. Co.*, 526 U.S. at 50).

Pleasant Beach and Clarkson are private actors. *See Santiago v. Chill*, No. 3:21-CV-720-RGJ, 2023 WL 2355903, at *4 (W.D. Ky. Mar. 3, 2023) (citing *Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (per curiam) (concluding landlords are not state actors); *Benford v. Smith*, No. 1:04-CV-337, 2005 WL 1325003, at *3 (E.D. Tenn. June 3, 2005) (finding that even private landlords participating in the HUD's

10

Section 8 housing program are not considered state actors and thus cannot be liable under section 1983)). "Allegedly using the judicial system to accomplish misconduct does not constitute action taken under color of state law." *West v. Landau*, No. 25-10420, 2025 WL 1108259, at *4 (E.D. Mich. Apr. 14, 2025) (Michelson, J.); *Glassford v. Brito*, No. 5:24-cv-1941, 2025 WL 549385, at *2 (N.D. Ohio Feb. 19, 2025) ("[S]imply participating in [the eviction process] does not make a private citizen a "co-conspirator" or "joint actor" with the state.") (citing *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)). Instead, generally speaking, and as the Court stated in its prior Order, wrongful eviction claims arise under state law and are litigated in state courts. *Taylor v. Haven Hill MHP*, No. 2:21-cv-02492-MSN-atc, 2021 WL 5862100, at *3 (W.D. Tenn. Aug. 26, 2021) (collecting cases), *report and recommendation adopted*, 2021 WL 4972451 (W.D. Tenn. Oct. 26, 2021). Accordingly, Plaintiffs' constitutional due process claim in Count IV of their Amended Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim.

Even if Plaintiffs could state a claim against Defendant in their Amended Complaint, Plaintiffs' request that the Court stay or set aside the state court eviction proceedings still must be **DISMISSED WITH PREJUDICE**. To the extent the eviction proceedings are ongoing in state court, this Court must abstain from hearing Plaintiffs' eviction-related complaints, and Plaintiffs must pursue the matter in state court (as the Court advised in its prior Order). *See Younger v. Harris*, 401 U.S.

11

37, 44–45 (1971). This is because "[w]hen a person is a party in an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal suit involving claims that could have been raised in the state case." *Hackel v. North Hill Farms I*, No. 25-10779, 2025 WL 935568, at *1 (E.D. Mich. Mar. 27, 2025) (Behm, J.) (discussing *Younger* abstention). If the state court defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id.* (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)). "Courts have routinely held that where a plaintiff is challenging an ongoing eviction proceeding," *Younger* abstention is appropriate. *Id.* at *2 (collecting cases).

And, to the extent the state court proceedings have concluded, and Plaintiffs' request that this Court "stay[] all state eviction actions" is "'inextricably intertwined' with issues decided in state court [eviction] proceedings," this Court may not exercise jurisdiction over this matter. *See Executive Art Studios, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983)). "The *Rooker–Feldman* doctrine embodies the notion that appellate review of state court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009); *see also Hackel*, 2025 WL 935568, at *2 (collecting cases

12

applying the *Rooker-Feldman* doctrine to claims requesting a review of a state court's eviction proceeding); *Ceresia Martin v. Michigan*, No. 18-10747, 2018 WL 1203498, at *2 (E.D. Mich. Mar. 8, 2018) (Borman, J.) (collecting cases denying requests to stay or set aside state court eviction orders as barred by *res judicata* and by the *Rooker-Feldman* doctrine). Plaintiffs' claims seeking to stay or set aside the state court eviction proceedings therefore are **DISMISSED WITH PREJUDICE.**

## IV.  CONCLUSION

For the reasons set forth above, Plaintiffs' motion for reconsideration, ECF No. 57 is **GRANTED**, Plaintiffs' Amended Complaint is **DISMISSED**, and this case is **DISMISSED WITH PREJUDICE.** Plaintiffs' remaining motions, ECF Nos. 50, 58, 63, 80, 82, 85, are **DISMISSED AS MOOT.** This case is closed.

Finally, the Court warns Plaintiffs that their prolific filing of motions, documents, notices, affidavits, etc. is abusive and vexatious. In the just over two months since this case was filed, Plaintiffs have filed almost 90 documents. The Court has "inherent authority" to manage its docket and affairs "with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). Courts may strike irrelevant, abusive, or otherwise improper materials from the docket. *Sultaana v. Jerman*, No. 15-cv-382, 2019 WL 6343475, at *5 (N.D. Ohio Nov. 27, 2019) ("The court may strike improvident filings based on its inherent authority to manage its

13

docket.") (citing *American Civil Liberties Union of Ky. v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010)); *see also Sinomax USA, Inc. v. Am. Signature, Inc.*, No. 21-cv-3925, 2023 WL 2752488, at *2 (S.D. Ohio Apr. 3, 2023) ("Using this inherent authority, the Court may 'strike any filed paper which it determines to be abusive or *otherwise improper* under the circumstances.'") (emphasis in original, citation omitted). The majority of Plaintiffs' filings are abusive and otherwise improper materials and have impeded the efficient adjudication and administration of this lawsuit. This case is closed. Plaintiffs are warned that any continued baseless and abusive filings will be stricken and could result in Plaintiffs being enjoined from filing any matters with the Clerk, or in the Court ordering the Clerk not to accept any additional pleadings filed by Plaintiffs in this case.

**IT IS SO ORDERED.**

Dated: July 17, 2025         /s/Terrence G. Berg
                                                HON. TERRENCE G. BERG
                                                UNITED STATES DISTRICT JUDGE